UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
PHILIP CHARVAT,                                 :
                                                :   CASE NO. 4:15-MC-00024
          Plaintiff,                            :
                                                :
v.                                              :   OPINION & ORDER
                                                :   [Resolving Doc. 1]
FTR ENERGY SERVICES, LLC,                       :
                                                :
          Defendant.                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Philip Charvat has moved to enforce a subpoena issued to non-party Grand Solutions.[1] The underlying case, currently pending in the United States District Court for the District of Connecticut, alleges that Defendant FTR Energy Services, LLC, violated the Telephone Consumer Protection Act by making illegal telemarketing calls to consumers who were on the national Do Not Call Registry.[2] Grand Solutions is allegedly a subcontractor that was hired to make these calls for FTR.

On May 7, 2014, Plaintiff Charvat issued a subpoena to Grand Solutions seeking various documents about these calls. Grand Solutions objected to the requests in the subpoena, and to date has produced only a very small number of documents. Plaintiff Charvat now moves to compel "a complete response" to the subpoena.[3]

However, it appears that Plaintiff Charvat did not properly serve Grand Solutions with the

---

[1] Doc. 1.
[2] Doc. 1-1.
[3] Doc. 1. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Grand Solutions has not responded to the motion.

Case No. 4:15-MC-00024
Gwin, J.

motion. Before the Court may rule on a motion to compel, the moving party must first serve the recipient of the subpoena and the parties to the underlying action with copies of the motion in order to provide proper notice.[4/] Charvat attempted to serve the motion on Angel Kane, Grand Solutions' President, at her residence. The process server was unable to locate Angel Kane, and instead left the papers with her spouse, Clero Johnson.[5/] Although typically an individual may be served by leaving the papers at her home with a suitable resident, a corporation generally must be served through its statutory agent or one of its officers, or at its usual place of business.[6/] The Court finds no authority that allows a corporation to be served by going to the home of its president and leaving the papers with her spouse.

Because notice has not properly been provided to Grand Solutions, the Court **DENIES** Plaintiff Philip Charvat's motion to compel without prejudice. If Plaintiff refiles the motion, he should ensure all necessary exhibits are actually attached to his motion (unlike this time where they appear to have been inadvertently omitted).

IT IS SO ORDERED.

Dated: June 11, 2015               s/      *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[4/] *See* Fed. R. Civ. P. 45(d)(2)(B)(i); Fed. R. Civ. P. 5(a)(1)(D).
[5/] Doc. 2.
[6/] *See* Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 5(b); Ohio Civ. R. 4.2.